## LIMITATION ON THE PRIORITY OF JUDGMENTS OBTAINED BY THE STATE UNDER THE WORKMEN'S COMPENSATION ACT.

Common Pleas Court of Clark County.

FRANK E. McDANIELS *v.* MAY L. ROBINS, ADMRX., ET AL.

Decided, January 21, 1921.

*Workmen's Compensation Priority Act—Construed as Non Retroactive —So far as Contracts are Concerned in Existence at the time of its Enactment.*

1. A judgment in favor of the state of Ohio under the provisions of Section 1465-74 of the Workmen's Compensation Act, on behalf of a workman injured in 1916, is not a lien upon the property of his employer by virtue of Section 1465-77, superior to that of a mortgage on the same property, made and entered of record in 1912.

2. The section of the act referred to is not retroactive, and does not impair the obligations of contracts made prior to its passage.

3. Section 1465-77, providing that all judgments obtained by the state under the workmen's compensation act, shall have the same preference against the assets of the employer, as is now allowed by law on judgments rendered for claims for taxes, does not make any judgment, by reference to Section 2670, superior to the lien of a mortgage properly recorded prior to the term of court during which the judgment is rendered.

4. The preference given to such judgments should be confined to the common preference provided by Section 2670 and Section 5698, wherein it is provided that judgments for taxes shall not be subject to the exemptions allowed to the debtor in the case of ordinary judgments.

*Mr. John G. Price,* attorney general, *Mr. R. R. Zurmeley, Mr. Thomas F. Hudson,* for the State of Ohio.

*Mr. Frank M. Krapp, M.r John L. Plummer,* and *Mr. Clem V. Collins,* for the Merchants & Manufacturers Association.

GEIGER, J.

The petition seeks the partition of real estate owned by Frank E. McDaniels and James C. Robins, who formerly were engaged in the contracting business under the partnership designation of Robins & McDaniels,—Robins having since deceased.

The Merchants & Mechanics Savings & Loan Association and' the state of Ohio, ex rel Attorney General on behalf of Alburtus B. Swank, intervene.

On December 18th, 1912, the M. & M. Association loaned to Robins & McDaniels, the individual members of the partnership, $6,000, and as security therefor took a mortgage upon the real estate sought to be partitioned, which mortgage was duly recorded.

On July 6th, 1916, Robins & McDaniels, doing business as a partnership, were engaged in the construction of a public highway, under a contract with the state of Ohio, through its highway commissioner, having employed in such work five or more workmen, and not being subscribers to the State Insurance Fund, and not having elected to pay direct to injured workmen.

Alburtus B. Swank, one of their employees, was so injured that he was found by the Industrial Commission to be permanently disabled, and such Commission determined he was entitled to receive Twelve Dollars per week so long as he might live, and the Commission further ascertained that the value of his claim against the defendants was $12,829.

The employers having failed to pay this amount, judgment was secured against them in that sum, by virtue of Section 27 of the Workmens Compensation Act, now Section 1465-74 General Code.

A portion of such judgment was paid, but there yet remains due thereon the sum of $7,205.25.

The controversy is between the association, on its mortgage claim, and the state of Ohio, on the judgment thus secured.

The claim of the state is that by virtue of the provisions of Section 1465-77, directing that a judgment obtained under the provisions of the Workmen's Compensation Act, shall have the same preference as judgments for taxes, the judgment on behalf of Alburtus B. Swank is entitled to be paid in the present action upon the sale of the real estate, first after the judgment for costs, and before the mortgage of the association.

The association claims that its mortgage is a valid lien, the priority of which is fixed by the laws in reference to mortgages in force at the time the mortgage was given, and that to hold otherwise will be violative of Section 28, Article II, of the Constitution of Ohio, which provides that the General Assembly shall have no power to pass retroactive laws, or laws impairing the obligations of contracts.

The State, in answer, insists that the Legislature in the exerices of its police powers, is not hampered by contracts made by individuals in regard to matters touching the public weal, but that contracts of that nature are made subject to the possibility that even if they were valid when made, the Legislature may, by the exeicise of its power, render them invalid.

The police power is that power inherent in the state to prohibit all things hurtful to the comfort, and welfare of society; and this power may be exercised even though it may affect the liberty and property of individuals.

Anything that is reasonable and necessary to secure the peace, safety and morals of the commonwealth may be done under the police power, and private rights exist subject to the public welfare.

Judicial inquiry is necessarily limited to determining whether the particular regulation is reasonable and impartial, and within the limits of the Constitution. For a general discussion of the exercise of the police powers of the state as they relate to the Workmen's Compensation Act, see *State, ex rel.*, v. *Creamer*, 85 O. S., 349; *Fassig* v. *State; ex rel.*, 95 O. S., 232; *Thornton* v. *Duffy*, 99 O. S., 120.

See also, *Wessell* v. *Timberlake*, 95 O. S., 21.

It is not necessary to enter into a discussion as to whether or not the General Assembly has exceeded its general police powers in the passage of the section now under examination, as the question may be disposed of on other principles.

Article II of Section 35 of the Constitution, adopted September 3, 1912, empowers the General Assembly to pass laws to establish a state fund for compensation of injured workmen, through compulsory contribution by employers.

By the power thus granted, the General Assembly is author-
ized to include all such "reasonable" provisions as are nec-
essary to make the law effective and to accomplish the pur-
pose expressed in the constitutional provision referred to.

It is claimed by the M. & M. Association that the section
giving to the judgment in behalf of the state the same pref-
erence as is given to judgments for taxes, is unconstitutional.

The court will not hold an act unconstitutional unless it
is clearly required to do so; neither will the courts hold an
act to be retroactive unless the language used will not permit
any other interpretation.

Is it necessary, in the present case, to hold that the Gen-
eral Assembly intended by Section 1465-77, that judgments
recovered on account of an accident occuring in 1916, shall
affect a contract made in 1912, and then valid by the existing
laws of the state?

A retroactive law is one which, by its terms, takes away
or impairs vested rights acquired under an existing law, or
creates a new obligation, or imposes a new burden, or attaches
a new disability or additional burden in respect to transac-
tions already passed.

All laws intended to affect the conduct or acquisition of
rights by citizens, shall have a prospective affect only. This
is the principle inherent in our constitution inhibiting retro-
active laws, and finds a place in every enlightened system of
jurisprudence. *Gager* v. *Prout,* 48 O. S., 89, p. 106.

The contract under which the association made its loan in
1912 was controlled by the laws then existing, and such laws
entered into and became a part of the contract.

Section 6072 provides that assessments upon the business
of trafficing in intoxicating liquors shall attach and operate
as a lien upon real estate on and in which such business is
conducted, and a number of cases have been decided under
this section, which seems to the court to be somewhat analogous
to the case at bar.

The case of *Pioneer Trust Company* v. *Stitch,* 71 O. S., 479,
holds that an assessment under the above section becomes a
lien upon the property superior to that of the mortgage exe-

cuted prior to the entry of the tax, and prior to the beginning of the traffic on the premises.

This case discusses at large and incorporates the substance of the opinion in the case of *Peoples B. & L. Association* v. *Hanson,* 5 N. P. 162, in which it was held that the Dow tax is made superior to a prior mortgage, but that such tax is superior to such prior mortgage for only the amount of the tax, which the act in force called for at the time the mortgage was filed, that the mortgage was superior to that part of the tax which was an increase over the amount provided for at the time the mortgage was created.

The case of the *State ex rel* v. *Frame,* 39 O. S., 399, holds that a certain act providing against the evils of trafficing in intoxicating liquors was constitutional, but that those provisions providing that the assessment shall attach to and operate as a lien upon real estate, do not operate where the real estate on and in which the business is conducted by the tenant, is held by such tenant under a lease for a term executed before the passage of the statute.

In the case of *Anderson* v. *Brewester.* 44 O. S., 576, a similar enactment imposing a lien upon the property, was in question, and the court holds that under the Dow law a valid lien is created upon the real property when the tenant holds under a lease, written or parol, made after the passage of the statute.

In the case of *State ex rel* v. *Creamer,* 85 O. S., 349, establishing the validity of the first workmen's compensation act, Judge Johnson, delivering the opinion of the court on page 405, says:

"As to the suggestion that this statute impairs the obligation of contracts, it is sufficient to say that it can of course, not affect contracts in existence and unexpired at the time it is put into operation by the employer."

The case of *Evans* v. *Mannix,* 90 O. S., 355, while not directly applicable to the case at bar, yet states many principles that broadly affect the question.

It is there held that Section 6072, in so far as it requires that a tax on intoxicating liquors shall be assessed against real

estate when the illegal sales have been made by the tenant under a lease made for a legal purpose, and when such illegal sales were without the knowledge of the owner, is unconstitutional and void.

I cite this case to show that even in the question of taxation, where broad powers are inherent in the state for its own preservation, these powers must be so exercised that guaranteed rights of citizens may not be impaired.

The court, under these authorities, has no difficulty in arriving at the conclusion that the workmen's compensation act, effective June 17th, 1913, is not, by virtue of Section 1465-77, to the effect that all judgments obtained by the state under the authority of the act, shall have the same preference as judgments rendered for claims for taxes, retroactive so as to affect the validity of a mortgage executed and filed in accordance with law on December 18, 1912.

There is nothing in the act that indicates any legislative intent to make the law retroactive. If the legislative intent had been clearly expressed, that this provision was intended to be retroactive so as to affect the rights acquired prior, not only to the passage of the law, itself, but prior to the adoption of the section of the Constitution permitting the passage of the act, it would be incumbent upon the court to hold the section unconstitutional.

Counsel for the state has presented in his brief a number of cases decided in the various common pleas courts and several courts of appeals, none of which are reported, and in none of which the reasoning of the judges appear.

It is asserted that these courts have held that judgments in favor of the state are, under provision of Section 1465-77, a prior lien on real estate of the debtor, first after the payment of taxes, and prior to mortgages antedating the judgment.

These cases are as follows: *State ex rel Attorney General* v. *Biederman Manufacturing Company*, Court of Common Pleas of Allen County; *American Rolling Mill Company* v. *Iron Company*, Court of Common Pleas, Hardin county. Affirmed by Court of Appeals, Hardin County; *Citizens Savings & Trust*

*Company* v. *Pennsylvania & Ohio R. R. Co.*, Court of Common Pleas of Ashtabula County.

This court is unable to determine from the data in reference to these cases, the exact facts presented, or the reasons which controlled the various judges in rendering the decisions, but if any of these cases hold that this section of the statutes was retroactive, so as to impair the obligation of a lien given before the enactment of the law, this court must decline to follow.

The court having arrived at the conclusion that this statute is not retroactive, and therefore does not affect the mortgage now in question, might refrain from further discussion of the question presented by briefs of counsel, but inasmuch as there has been much argument as to the effect of the statute, the court will further express the conclusions he has arrived at.

Section 1465-77 provides that all judgments obtained in any action by a board, or the state, under the numerous sections of the act, shall have the same preference against the assets of an employer, is now or may hereafter be allowed by law on judgments rendered for claims for taxes.

There are two general provisions in relation to judgments for taxes—one touching the collection of taxes and assessments upon real estate.

Section 5698 provides that the judgment debtor, in an action to collect chattel taxes, shall not be entitled to the benefits of the laws for stay of execution, or exemption of homestead, or other property, from levy or sale on execution in the enforcement of such judgment.

Sections 2667 and 2670 provide that when taxes or assessments -charged against lands or lots, are not paid, the county treasurer, in addition to other remedies, may enforce the lien by civil action, and that judgment shall be rendered for such taxes and assessments, for the payment of which the court shall order the premises sold without appraisement. From the proceeds of the sale the costs shall be first paid, next the judgment for taxes and assessments, and the balance shall be distributed according to law. The owner shall not be entitled to any exemption against such judgment, nor shall any statute of limitation apply to such action.

Section 1465-74 is that under which the present judgment was obtained, and provides, in substance, that the board may ascertain the amount to be due to the injured employee, and that in the event of the failure, neglect or refusal of the employer to pay such compensation to the person entitled thereto within ten days, the same shall constitute a liquidated claim for damages against such employer in the amount so ascertained and fixed by the board, which with the added penalty of fifty per centum may be recovered in an action in the name of the state, for the benefit of the person or persons entitled to the same.

It is maintained by the state that all such recoveries shall be entitled to the same priority against all the real estate of the judgment debtor, as are judgments under Section 2670 against any particular piece of real estate for taxes and assessments which are liens on such real estate.

It is nowhere provided that a judgment for taxes or assessments, charged against a particular piece of real estate, shall be a lien upon all the real estate that may chance to belong to some debtor, or that they shall be a lien against the entire property of the judgment debtor in any way different from a lien of a judgment.

Section 1465-77 provides that the judgment shall have the same preference against the assets of the employer as are allowed on judgments rendered on a claim for taxes.

The state, in claiming that such judgment shall be a prior lien upon all the real estate of a judgment debtor seeks to extend the favor of the statute far beyond that granted to judgments for assessments and taxes. The statute confines the priority of such judgments to the particular piece of real estate against which the tax has been charged.

Section 2670 provides that the owner shall not be entitled to any exemption against such judgment—that is, that the judgment shall be first paid out of the proceeds of the real estate against which the tax is charged; that there shall be no exemption, either homestead or otherwise, to embarass the collection of such judgment.

The fact that the judgment is a first lien against the real estate, and that the real estate may be sold for its payment, does not prevent its collection from chattel property. Against such judgment there is no exemption, but such judgment is not a lien against any of the property of the debtor, either real or personal, superior to the rights of other creditors, except as to the particular piece of real estate against which the tax was charged.

To the extent that there is no exemption against such judgment, and to that extent only, does Section 1465-77 give the same preference to judgments in behalf of the state as are allowed by law on judgments for taxes.

To hold otherwise would be to give to the judgment in favor of the state or the board, a greater preference than is given to judgments for taxes, inasmuch as such judgments for taxes are prior liens, only on the specific real estate against which the taxes were charged, and are not prior to other liens on other real estate of the tax debtor.

It can scarcely be conceived that the Legislature would enact a provision that would so jeopordize the ordinary mortgage security, as would follow if the interpretation of this particular statute sought by the state, should prevail.

Take, for example, the case at bar, and disregard the fact that the mortgage was made prior to the passage of the act, we would have the situation of a building and loan association loaning money on real estate owned by parties not then engaged in a hazardous undertaking, but who afterwards while engaged in the construction of a state highway, became liable for a large sum on account of an injury to an employee, without any fault of the association, but on account of which the security would be entirely wiped out. If the statute makes a judgment in favor of the state on behalf of an injured workman, a preference over a prior mortgage, the mortgagee might be in the position of one compelled, through no fault of his own, to pay the debt of another. The mortgagee could in no way adequately protect himself against the uncertainty growing out of such a law, and loans on real estate, heretofore regarded as the most satisfactory, would be rendered most hazardous.

Many sections of the statutes can be recalled which require that guardians, trustees, savings banks and building and loan associations, shall loan their funds on real estate security only, and I do not believe the Legislature had any intention, by the enactment of this section, to put all such loans in serious jeopardy, as would follow from the construction urged by the state.

I do not believe that the Legislature intended to reach, with the strong arm of the law, into the pockets of the people loaning money through building and loan associations and other saving institutions, or into the fortune of individual mortgagees and appropriate their accumulations, as would be done if it were held that under this section a judgment in favor of the state should be made a lien upon all the real estate of the debtor, prior to mortgages properly executed, filed and recorded. Such a ruling is in no way required to preserve the strength and virility of the workmen's compensation act, and an act so universally lauded as just and wise does not require that the property of one should be taken to pay the debt of another.

The case of *Pioneer Trust Company* v. *Stitch,* 71 O. S., 459, was admitted to be one of extreme hardship, and it does not seem to me that the present statute requires a construction that would be equally, or more burdensome, upon the rights of mortgagees.

This conclusion of the court renders it unnecessary to consider the second defense of the answer of the building and loan association.